NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JESSICA N., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, J.C., J.C., *Appellees.*

No. 1 CA-JV 15-0339
FILED 03-22-2016

Appeal from the Superior Court in Maricopa County
No. JD506036
The Honorable Karen L. O'Connor, Judge

**AFFIRMED**

COUNSEL

Denise L. Carroll, Esq., Scottsdale
By Denise Lynn Carroll
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Amber E. Pershon
*Counsel for Appellee DCS*

---

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Kenton D. Jones joined.

---

**J O H N S E N**, Judge:

**¶1**        Jessica N. ("Mother") appeals the superior court's order terminating her parental rights to her two children.  For the reasons that follow, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**        Mother and Manuel C. ("Father") are the parents of two children, born in 2007 and 2010.  The Department of Child Safety ("DCS") took the children into custody in August 2013 because of allegations of substance abuse and neglect by Mother and Father.[1]  The superior court found the children dependent as to Mother and Father in August 2013.  For the next year, Mother and Father participated in various services, including drug testing, drug treatment, counseling and psychological evaluations.  Although the children were temporarily returned to the parents in August 2014, after that, Mother and Father stopped participating in services and failed to cooperate with DCS personnel, resulting in the children being taken into custody a month later.  In January 2015, the court changed the case plan to severance and adoption.  After a failed mediation and a contested severance trial, the superior court terminated both parents' parental rights due to substance abuse and two years time-in-care.

**¶3**        Mother timely appealed.[2]  We have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution, Arizona Revised Statutes

---

[1]        Pursuant to S.B. 1001, Section 157, 51st Leg., 2d Spec. Sess. (Ariz. 2014) (enacted), the Department of Child Safety is substituted for the Arizona Department of Economic Security in this matter.  *See* ARCAP 27.

[2]        Father is not a party to this appeal.

("A.R.S.") sections 8-235(A) (2016), 12-2101 (2016) and Rule 103(A) of the Arizona Rules of Procedure for the Juvenile Court.[3]

## DISCUSSION

### A.   Legal Principles.

**¶4**          The right to custody of one's child is fundamental but not absolute. *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 248, ¶¶ 11–12 (2000). The superior court may terminate a parent-child relationship upon clear and convincing evidence of at least one of the statutory grounds set out in A.R.S. § 8–533(B) (2016). *Id.* at 249, ¶ 12. Additionally, the court must find by a preponderance of the evidence that termination is in the child's best interests. *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 22 (2005). We review a termination order for an abuse of discretion. *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004). Because the superior court is in the best position to "weigh the evidence, observe the parties, judge the credibility of witnesses, and make appropriate findings," we will accept its findings of fact unless no reasonable evidence supports them. *See Jesus M. v. Ariz. Dep't of Econ. Sec.,* 203 Ariz. 278, 280, ¶ 4 (App. 2002).

### B.   Sufficiency of Services Offered.

**¶5**          On appeal, Mother does not contest the superior court's findings by clear and convincing evidence of facts permitting severance under A.R.S. § 8-533(B)(3) and (B)(8)(c).[4] Mother instead argues DCS did not offer her appropriate reunification services.

---

[3]          Absent material revision after the relevant date, we cite a statute's current version.

[4]          Under A.R.S. § 8-533(B)(3), severance is justified if the "parent is unable to discharge parental responsibilities because of . . . a history of chronic abuse of dangerous drugs, controlled substances or alcohol and there are reasonable grounds to believe that the condition will continue for a prolonged indeterminate period." Section 8-533(B)(8)(c) permits severance if the child has been in an out-of-home placement for 15 months or longer, the agency has made a diligent effort to provide appropriate reunification services, but the "parent has been unable to remedy the circumstances that cause the child to be in an out-of-home placement and there is a substantial likelihood that the parent will not be capable of exercising proper and effective parental care and control in the near future."

**¶6**        When severance is sought on substance-abuse grounds, the court must find that DCS "made reasonable efforts to reunify the family or that such efforts would have been futile." *Jennifer G. v. Ariz. Dep't of Econ. Sec.*, 211 Ariz. 450, 453, ¶ 12 (App. 2005).  When severance is sought on time-in-care grounds pursuant to A.R.S. § 8-533(B)(8)(c), DCS is required to prove it made diligent efforts to provide appropriate reunification services and the court must consider the availability of reunification services offered and the parent's participation in such services.  A.R.S. § 8-533(B)(8), (D).

**¶7**        DCS's obligation to provide services, however, "does not free a parent from the need to raise a timely objection if the parent believes services are inadequate." *Shawanee S. v. Ariz. Dep't of Econ. Sec.*, 234 Ariz. 174, 178, ¶ 13 (App. 2014).  If a parent does not object at the time to a perceived failure by DCS to provide required services, he or she waives the opportunity to do so on appeal.  *Id.* at 178-79, ¶ 16.  In the superior court, Mother never objected to the adequacy of services DCS offered her despite multiple opportunities to do so.  The superior court held review hearings every two or three months over a two-year period, and Mother never raised any concerns regarding services.  Accordingly, she has waived her right to argue for the first time on appeal that DCS failed to offer appropriate services.  *See id.* at 178-79, ¶¶ 13-18.

**¶8**        Even if we were to address the merits of Mother's argument regarding the sufficiency of the services provided by DCS, we would find that the services were adequate.  Mother argues DCS should have offered her more intensive substance-abuse treatment, noting that she had been successful with an intensive outpatient treatment plan, but relapsed when DCS provided her standard outpatient treatment.  Mother relies on *Mary Ellen C. v. Arizona Department of Economic Security*, 193 Ariz. 185, 192, ¶¶ 33, 37 (App. 1999), arguing that the particular services offered must be "designed to improve the parent's ability to care for the child."  Mother's reliance on *Mary Ellen C.*, however, is misplaced.  In *Mary Ellen C.*, the parent was not offered any meaningful services for almost a year after the child's initial removal, and the services finally offered were few and far between.  *See Mary Ellen C.*, 193 Ariz. at 193, ¶ 38 (agency's efforts were "belated, fitful, and indifferent").  Here, by contrast, DCS promptly and repeatedly offered Mother a variety of services designed to address her substance-abuse issues.

**¶9**        The case worker testified Mother was offered psychological evaluations, full parent-aide services, and substance-abuse treatment and testing. Mother also was given a bus pass to facilitate transportation to and from various services.  The case worker testified he repeatedly reminded

Mother to complete drug testing and other services, but Mother repeatedly failed to contact treatment referrals. Mother was informed of the services that she needed to complete on multiple occasions, through phone calls, emails, letters, and in-person discussions. The court also received extensive documentation regarding Mother's inconsistent drug testing and substance-abuse treatment over a two-year period. The case worker testified Mother failed to continue services, failed to complete testing and treatment, and failed to maintain contact with DCS personnel. Therefore, on this record, the court did not err in finding that DCS made reasonable efforts to provide Mother with reunification services.

## C.    Best-Interests Determination Under § 8-533(B).

**¶10**        Mother also argues insufficient evidence supported the court's finding that severance was in the children's best interests. *See* A.R.S. § 8-533(B). A best-interests finding may be supported by evidence of an affirmative benefit or a detriment to the child if the parental relationship were to continue*. Jennifer B. v. Ariz. Dep't of Econ. Sec.*, 189 Ariz. 553, 557 (App. 1997). Being available for adoption is an affirmative benefit that can support a finding that termination is in a child's best interests. *See Maricopa County Juv. Action No. JS-501904*, 180 Ariz. 348, 352 (App. 1994). Whether severance is in a child's best interests is a question of fact, and we view the evidence and draw all reasonable inferences from the evidence in favor of supporting the superior court's findings. *Jesus M.*, 203 Ariz. at 282, ¶ 13.

¶11 Notwithstanding Mother's arguments to the contrary, the court heard evidence that the children are adoptable and would benefit from being adopted. The DCS case worker opined that severance is in the children's best interests and that the current placement is willing to adopt them. The case worker testified that visits with their parents had been very emotionally disruptive for the children, and that the children's emotional and behavioral issues had been improving as the children spent more time away from the parents. He testified that severance would allow the children to be adopted, which would provide stability, safety and security. Accordingly, sufficient evidence supported the court's determination that termination of Mother's rights would be in the children's best interests.

## CONCLUSION

¶12 Because sufficient evidence supported the superior court's order terminating Mother's parental rights, we affirm.



Ruth A. Willingham · Clerk of the Court
FILED: rt

6